DEAL PARK COMPANY, PLAINTIFF, v. ELIZABETH S. BAN-
NARD, INDIVIDUALLY AND AS EXECUTOR AND SOLE
DEVISEE UNDER THE LAST WILL AND TESTAMENT
OF WILLIAM H. BANNARD, DECEASED, DEFENDANT.

Decided March 17, 1924.

**Deficiency Judgment—Foreclosure Proceedings Did Not Include
All Parties in Interest—Proceedings On Bond Cannot Be
Had Under Statute Until Proper Foreclosure.**

On motion to strike out parts of answer.

For the plaintiff, *Smith & Slingerland.*

For the defendant, *Wall, Haight, Carey & Harlpence.*

The opinion of the court was delivered by

LLOYD, J. This action is to recover for a deficiency under
foreclosure of the mortgaged premises. Being uninformed
of the birth of children after the date of the will of the de-
ceased mortgagor, and therefore having no knowledge of
their interest as heirs-at-law, counsel foreclosed the mort-
gage against Mrs. Bannard as the executor and sole devisee
of her husband only. The property was sold, but the in-
terests of the children remained. Under these circumstances
a deficiency resulted—most naturally. The defendant now
seeks to set up these facts as barring the present action, be-
ceause of the special provisions of the Vail act. *Comp. Stat.,*
*p.* 3421. This act provides:

"That in all cases where a bond and mortgage has or may
hereafter be given for the same debt, all proceedings to col-
lect said debt shall be, first, to forclose the mortgage, and if
at the sale of the mortgaged premises under said foreclosure
proceedings the said premises should not sell for a sum
sufficient to satisfy such debt, interest and costs, then and
in such case it shall be lawful to proceed on the bond for the
deficiency, and that all suits on said bond shall be commenced

within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issued only for the balance of debt and costs of suit. *Pamph. L.* 1880, *p.* 255, as amended, *Pamph. L.* 1881, *p.* 184."

The statute has been repeatedly held to be one of procedure only (*Hill* v. *Hill*, 122 *Atl. Rep.* 818, and cases there cited), but procedure it is, and as such it must be followed. Had the sale here been by description of one-third of the mortgaged premises, I apprehend that no one would contend that the requirements of the statute had been met. When the result is to effect the sale of but one-third interest in the property by the inclusion of but one interest out of three, I apprehend the same result must follow. Indeed, the sum realized upon such a sale would be less by reason of the undivided nature of the tenure. What fraction shall be sufficient to entitle the mortgagee to proceed for a deficiency? It seems to me that nothing short of a complete exhaustion of the property and all interests therein must be had to satisfy the requirements of the statute. To hold otherwise would be to permit frauds upon the statute and upon the obligor, and frustrate the purpose of the law.

Nor do I think the defendant is estopped by her failure to raise the question in the foreclosure. The predicament of the plaintiff is a creature of the statute and his own failure to include all interests. Foreclosure is made a condition precedent to the right to proceed on the bond. Non-joinder of necessary parties might have been availed of by the defendant, but not upon the ground nor by reason of the subsequent disability of the plaintiff which he was imposing upon himself. Such an objection could only be made when the plaintiff sought to avail himself of the proceedings taken and which he alone controlled. If objection had been made in the foreclosure suit, the defendant would very properly have been told that such was not his concern. As to this question the plaintiff could proceed against all or a part of the owners of the fee, taking the chances of the sufficiency of his course to meet the conditions of the statute.

It follows from the foregoing that the second defense cannot be stricken out, and as, on the agreement, it was conceded that this defense, if legally sufficient, was dispositive of the case, the remaining defenses will not be dealt with on this motion.